159 A.3d 1291

IN THE MATTER OF CHERI S. WILLIAMS ROBINSON, AN ATTORNEY AT LAW (ATTORNEY NO. 002562001)

May 22, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16-021, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20-14(a)(E), **CHERI S. WILLIAMS ROBINSON,** formerly of **EAST NORRITON, PENNSYLVANIA,** who was admitted to the bar of this State in 2001, and who has been suspended from the practice of law since July 6, 2015, pursuant to Orders of the Court filed June 4, 2015, and November 2, 2016, should be suspended from the practice of law for a period of six months based on discipline imposed in the Commonwealth of Pennsylvania for unethical conduct that in New Jersey constitutes violations of *RPC* 1.1(a)(gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b)(failure to keep the client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), *RPC* 1.4(c)(failure to explain the matter to the extent reasonably necessary to permit the client to make informed decisions regarding representation), *RPC* 1.5(a)(charging an unreasonable fee), *RPC* 1.15(a)(failure to safeguard client funds), *RPC* 1.15(b)(failure to promptly deliver funds or property to client or third party to which they are entitled), *RPC* 1.15(c)(failure to keep separate funds in which the attorney and a third party claim an interest), and *RPC* 1.16(d)(failure to refund advance fee);

And the Disciplinary Review Board having further concluded that the term of suspension should be consecutive to the three-month suspension ordered on November 2, 2016 (D-143-15; 077800), and that respondent should not be reinstated to practice in New Jersey until she is reinstated in Pennsylvania and until she has repaid $26,800 to the Pennsylvania Lawyers Fund for Client Protection;

And **CHERI S. WILLIAMS ROBINSON** having failed to appear on the Order directing her to show cause why she should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a prospective one-year suspension from practice is the appropriate quantum of discipline for respondent's unethical conduct;

And good cause appearing;

It is ORDERED that **CHERI S. WILLIAMS ROBINSON** is suspended from the practice of law for a period of one year, effective immediately, and until the further Order of the Court; and it is further

ORDERED that respondent shall reimburse the Pennsylvania Lawyers Fund for Client Protection $26,800.00, and she shall not be reinstated to practice unless and until respondent is reinstated to practice in Pennsylvania, and has reimbursed the sum of $26,800.00 to the Pennsylvania Lawyers Fund for Client Protection; and it is further

ORDERED that respondent shall remain suspended from the practice of law pursuant to the Order of the Court filed June 4, 2015 (D-133-14; 076015), and pending her compliance with the fee arbitration determination issued in District Docket No. IV-2014-058F, and payment of the sanction of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20-20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10-2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20-17.